LADNER *v.* ARTIGUES

No. 40876 November 3, 1958 106 So. 2d 139

*C. J. Ladner,* Bay St. Louis, for appellant.

*Russell & Favre,* Bay St. Louis; *E. J. Ford, Jr.,* Gulfport, for appellee.

ARRINGTON, J.

. Cornelius J. Ladner sued Maurice J. Artigues to recover damages for personal injury and humiliation on account of an alleged assault. The answer of the defendant denied all of the material allegations of the declaration and set up that at the time of the alleged assault he used only such force as was necessary. Several witnesses testified for the plaintiff, at the conclusion of which the trial judge overruled the defendant's motion for a directed verdict. A large number of witnesses then testified for the defendant. The court refused to give the defendant a requested peremptory instruction, and the cause was submitted to the jury, which found a verdict for the plaintiff and assessed his damages at $100. On a later day of the term, the court sustained the motion of the defendant to set the jury verdict aside and grant a judgment for the defendant. From the judgment entered, Ladner appeals.

If the court was right in submitting the cause to the jury, then obviously he was wrong in sustaining the motion to set aside the verdict and enter a judgment for the defendant. On the other hand, if the court should have sustained defendant's requested peremptory, then he was right in setting aside the verdict and granting a judgment for the defendant.

There was a disturbance at an election, growing out of appellant's aid to his mother in voting. Ladner testified that Artigues first said that "I can throw him out," and then caught him, Ladner, back of his arm, "slambanged" him against one of the pillars at the city hall, and "it busted me up in my ribs," and did other damage to him. Mrs. Hilda Ladner Wilson, a sister of the appellent, testified that when her brother came to explain about his mother's voting, Artigues grabbed her brother with his arm, "like that, (indicating) and kicked him with his heels in the back." On the contrary, the evidence for the defendant appellee was to the effect that he used only such force as was necessary to remove Ladner from the polls; that he grabbed him by the collar and the seat of the pants and walked him out.

 ■ The issue for the jury was, assuming and conceding that the plaintiff was a trespasser, whether the appellee used more force than was reasonably necessary to eject him. The evidence was conflicting and being in dispute, the issue was properly submitted to the jury, and having been resolved by the jury, we are of the opinion that the court should not have sustained the motion for judgment non obstante veridicto.

 ■ The judgment of the lower court is reversed and a judgment will be entered here in favor of appellant for the sum of $100, with six percent interest from September 20, 1957, the date of the judgment in the lower court. Grice v. Central Electric Power Assn., 92 So. 2d 837.

Reversed and Judgment here for appellant.

*McGehee, C. J.,* and *Lee, Kyle* and *Gillespie, JJ.,* concur.