JONES, Justice:
Appellant sued appellee, the operator of a retail store, for damages alleged to have been received when she slipped and fell on the floor of said store. The case was tried in the Circuit Court of Forrest County, Mississippi, where the jury returned a verdict for appellee. We affirm the judgment entered on such verdict.
Appellant entered the store of defendant-appellee with a companion and their children to shop. In the back of the building, she stepped in a puddle of liquid on the floor near a large cardboard carton. She fell and was seriously injured. There was a coca-cola vending machine several feet from this pool of liquid, but the evidence does not connect the liquid with such machine.
*390 The appellant said the pool was about as large as a dinner plate; the manager who came to her when it was known that she had fallen testified the puddle was about four inches in diameter.
Appellee had a porter whose specific job was to clean the floor. There was a loud speaker system at the cashier’s desk in the front of the store, and the employees were instructed at each meeting to be sure to watch for debris, litter, foreign objects, or substances on the floor and to report any such findings to the cashier’s desk from where a porter would be called. If a porter could not be found readily, the employees were instructed to remove such debris and litter, or other substances, themselves. This was the undisputed testimony of the manager and other employees of the store.
The rule as to such matters is well expressed in Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss.1966), as follows:
“There was no proof whatsoever in this case that the gum ball on the floor was the result of an affirmative act of the store proprietor or any of his employees. So the rule of law as to negligence, which would apply in this case, is expressed by the Court in Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes, 247 Miss. 575, 584, 156 So.2d 734, 736 (1963), in these words:
“ ‘ * * * where it appears that a floor in a store or similar place of business has been made dangerous by litter or debris present thereon, and that the presence of the litter or debris is traceable to persons for whom the proprietor is not responsible, proof that the proprietor was negligent in relation to the floor condition requires a showing that he had actual notice thereof, or that the condition existed for such a length of time that, in the exercise of reasonable care, he should have known of it.” Anno., 61 A.L.R. 2d at 26; 2 A.L.I., Rest. of Torts, § 343; 38 Am.Jur., Negligence, § 136; 65 C.J.S. Negligence §§ 45, 51.’ (Emphasis added.)
“In other words, there must be actual or constructive notice to the store owner. This may be proved by direct or circumstantial evidence, but it must be proved; otherwise, there would be no liability.”
See the Banana cases: Williamson v. F. W. Woolworth Co., 237 Miss. 141, 112 So.2d 529 (1959); Moore v. Winn-Dixie Stores, Inc., 252 Miss. 693, 173 So.2d 603 (1965). See also the Vermicelli case—Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes, 247 Miss. 575, 156 So.2d 734 (1963).
The proof tendered to show the liquid had been on the floor for such time as to charge appellee with notice was the testimony of the appellant that there were footprints where someone had stepped in the liquid before appellant fell.
The question of liability, as well as damages, was submitted to the jury, and the jury returned a verdict for the defendant-appellee.
One of the assignments of error involves an instruction for the defendant given by the court. We have examined this instruction, as well as the other instructions given. We find no reversible error therein. Considering all of the instructions, we do not find any error.
The assignment that the verdict of the jury is contrary to the law and the evidence and against the overwhelming weight of the evidence is not well-taken and neither is the assignment attacking certain comments by the court requesting the counsel to proceed. We find nothing prejudicial in these statements.
The last assignment deals with an objection to testimony regarding damages. Since the jury returned a verdict against *391 appellant on liability, this assignment becomes moot.
The case is affirmed.
Affirmed.
GILLESPIE, P. J., and BRADY, IN-ZER and ROBERTSON, JJ., concur.