ROBERTSON, Justice:
The appellant, Mrs. Clarice Howell, alleged that she slipped and fell on a banana as she shopped in the supermarket of the appellee, Ernest Yeager & Sons, Inc. She brought suit in the Circuit Court of George County against the owner of the store and D. S. Bond, its manager.
After the appellant had put on her case, the appellees moved for a directed verdict, and the trial judge sustained this motion. The appellant assigns as error the action of the trial judge in directing the jury to find for the appellees.
About 1 p.m., February 1, 1965, Mrs. Clarice Howell, the appellant, and her friend, Mrs. Addie Lindsey, were shopping in the supermarket of Ernest Yeager & Sons, Inc., in Lucedale, Mississippi. She purchased one item in the hardware department, selected and sacked some grapes in the produce department, and was proceeding down an aisle of the store when some plastic water pitchers on a shelf about six feet high attracted her attention.
As she walked along, looking at the plastic pitchers, she stepped on a banana, slipped and fell. She called to her friend, who was shopping in a parallel aisle, and Mrs. Lindsey came immediately to her aid. Mrs. Lindsey found Mrs. Howell sprawled on the floor and flat on her back. Mr. Bond, the store manager, and Mr. Flurry, an elderly employee, also approached Mrs. Howell.
*703 Mrs. Lindsey, in response to a question as to what else she saw or heard, testified:
“Well, Mr. Flurry, when he came down there, he said ‘What happened? And I said she slipped and fell on a banana, and he said, ‘I thought I carried all that stuff. * * *’
******
“He said, ‘I thought I carried all that bad stuff out, I might have dropped it, but I didn’t think so.’ ”
Mrs. Lindsey further testified that she removed about half of a banana from the heel of Mrs. Howell’s shoe and that the rest of the banana was mashed on the back of Mrs. Howell’s dress.
Mrs. Howell, the appellant testified:
“Well, Mr. Bond, no, whatever his name is, I don’t know what his name is, but he was kinda old. He said, ‘Well, I don’t know how come it there without I dropped it there this morning,’ he said, ‘I cleaned out everything this morning and I may have dropped it.’ ”
This testimony, of remarks made by an employee of the supermarket, was uncon-tradicted. The jury could have concluded from this testimony that the employee of the store was negligent in the performance of his duties, and that the banana had been there since early morning as a result thereof. This testimony was enough to carry it to the jury.
In Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes, 247 Miss. 575, 156 So.2d 734 (1963), this Court said:
“Generally the liability of a proprietor in failing to render the premises reasonably safe, or failing to warn invitees of existing dangers, must be predicated upon the proprietor’s superior knowledge concerning the danger. With respect to the necessity of evidence concerning notice of the dangerous floor condition, ‘there are two rules of fundamental significance. The first of these is that where the floor condition is one which is traceable to the proprietor’s own act— that is, a condition created by him or under his authority — or is a condition in connection with which the proprietor is shown to have taken action, no proof of notice is necessary. * * * ’ Anno., 61 A.L.R.2d at 24.” Id. at 583-584, 156 So.2d at 735-736.
In Moore v. Winn-Dixie Stores, Inc. et al., 252 Miss. 693, 173 So.2d 603 (1965), we said:
“The inspection made while ‘writing things down to do’ could easily have led the jury to believe from the circumstances that the janitor did not clean up properly and that the store inspectors overlooked the banana peel and the grape seed. The evidence shows beyond question that the peel was there, the appellant slipped on it, and was injured. Therefore, taking all of the testimony and inferences to be drawn therefrom, we are of the opinion that the issue of negligence was a question of fact for the determination of the jury as to whether or not the banana peel had been on the floor a sufficient length of time to charge the appellees as reasonable and prudent operators of the store with notice of the danger.” Id. at 704-705, 173 So.2d at 608.
In his oral opinion from the bench, the trial judge mentioned Hollie v. Sunflower Stores, Inc.,194 So.2d 217 (Miss.1967). In that case, the appellant claimed that she slipped on a “stripping” from a banana, that it was about one-sixteenth of an inch wide, about the length of a banana, and ordinarily the same color as the meat of the banana. There was no evidence whatsoever as to how the so-called “stripping” came to be on the floor, and no admission or statement of any kind by the store manager or any of his employees as to how it might have gotten there. That is the vital difference between the Hollie case and this case.
It was not denied that Mr. Flurry was an employee of the supermarket and that it *704 was his duty each morning to clean the counters and carry out the bad fruit. His statement in the presence of the appellant and Mrs. Lindsey, and testified to by them, that he might have dropped the bad banana that morning was enough to make it a jury question.
The judgment is therefore reversed, and the cause remanded for a new trial.
Reversed and remanded.
ETHRIDGE, C. J., and JONES, BRADY and INZER, JJ., concur.