# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-01801-SCT

*BRIEAH S. PIGG, INDIVIDUALLY AND ON*
*BEHALF OF GARRETT KADE PIGG, A MINOR*

*v.*

*EXPRESS HOTEL PARTNERS, LLC d/b/a*
*HOLIDAY INN EXPRESS*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2007 |
| TRIAL JUDGE: | HON. LEE HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | VICTORIA HARDY RUNDLETT |
| | B. STEVENS HAZARD |
| ATTORNEYS FOR APPELLEE: | DAVID L. SANDERS |
| | ROSAMOND H. POSEY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 10/02/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WALLER, P.J., DICKINSON AND RANDOLPH, JJ.

### DICKINSON, JUSTICE, FOR THE COURT:

¶1.     This is a premises liability case in which the Circuit Court – finding the plaintiff failed to provide proof of negligence – granted defendants' motion for summary judgment. We reverse.

## STATEMENT OF THE FACTS

¶2.     Brieah S. Pigg, her husband and their two-year-old son, Garrett, rented a hotel room at the Holiday Inn Express in West Point, Mississippi. The next morning, after Mr. Pigg left for work, while Mrs. Pigg was in the shower, Garrett came through the bathroom's open

door. Mrs. Pigg claims that, just seconds after she saw Garrett attempt to close the door, she heard the mirror on the door shatter. As a result of the fallen mirror, Garrett's cornea was cut and required medical attention.

¶3. Mrs. Pigg filed suit on behalf of herself[1] and Garrett against Holiday Inn,[2] alleging negligence. The circuit court granted Holiday Inn's Motion for Summary Judgment, finding that the plaintiffs "[have] no proof whatsoever that the injury was due to the negligence of the Defendant." Mrs. Pigg presents the following assignments of error on appeal: (1) that the trial court erred when it determined that summary judgment was proper, as a genuine issue of material fact existed; and (2) the trial court erred when it determined that the doctrine of *res ipsa loquitur* was not applicable.

## ANALYSIS

¶4. This court reviews a trial court's grant of summary judgment *de novo*. ***Smith v. Clement***, 2008 Miss. LEXIS 160 (Miss. Apr. 3, 2008) (citing ***Croft v. Grand Casino Tunica, Inc.***, 910 So. 2d 66, 72 (Miss. 2005)). In evaluating a grant of summary judgment, this Court views all evidentiary matters, including admissions in pleadings, answers to interrogatories, depositions, admissions, and affidavits. ***Glover v. Jackson State Univ.***, 968 So. 2d 1267, 1275 (Miss. 2007) (citing Miss. R. Civ. P. 56 (c)). The existence of a genuine issue of material fact will preclude summary judgment. ***Massey v. Tingle***, 867 So. 2d 235, 238 (Miss.

[1]Although Mrs. Pigg claims she suffered lost wages and mental anguish as a result of the mirror falling on her child, the issue of a parent's right to recover such damages was not briefed, and we decline to address it.

[2]The defendants were Express Hotel Partners, LLC d/b/a Holiday Inn Express, Express Hotel Partners, LLC, Bharat R. Patel, ABC, DEF and GHI, collectively referred to herein as "Holiday Inn."

2

2004). The facts must be viewed in the light most favorable to the non-moving part. *Id*. (citing *Robinson v. Singing River Hosp. Sys*., 732 So. 2d 204, 207 (Miss. 1999)). "The non-moving party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there are genuine issues for trial." *Id*. (citing *Richmond v. Benchmark Constr. Corp.*, 692 So. 2d 60, 61 (Miss. 1997)). Summary judgment is mandated where the non-movant fails to establish the existence of an essential element of that party's claim. *Smith v. Gilmore Mem'l. Hosp., Inc.,* 952 So. 2d 177, 180 (Miss. 2007) (citing *Galloway Travelers Ins. Co*., 515 So. 2d 678, 683 (Miss. 1998) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 106 S. Ct. 2548, 91 L. Ed. 2d 265(1986))).

¶5.     There is no dispute in this case that the Piggs were business invitees of Holiday Inn, which consequently owed them a duty of reasonable care in keeping their premises in a reasonably safe condition. *Thomas v. The Columbia Group, LLC,* 969 So. 2d 849, 852 (Miss. 2007) (citing *Little ex rel. Little v. Bell,* 719 So. 2d 757, 760 (Miss. 1998)). While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises is a reasonably safe condition. *Wilson v. Allday,* 487 So. 2d 793, 795-96 (Miss. 1986) (citing *Downs v. Corder*, 377 So. 2d 603 (Miss. 1979)). That duty includes not only the duty to keep its premises in a reasonably safe condition, but the duty to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Gaines v. K-Mart Corp.,* 860 So. 2d 1214, 1216 (2003) (citing *Moore v. Winn-Dixie Stores, Inc.,* 252 Miss. 693, 173 So. 2d 603 (1965)). The *Gaines* Court's use of "or" in "or should

3

have known" does not absolve a premises owner who warns of a dangerous condition from "the duty to use reasonable care to keep the premises in a reasonably safe condition." *See Tharp v. Bunge Corp.,* 641 So. 2d 20, 25 (Miss. 1994) (overrules the language in previous cases to the extent "or" is construed to denote two mutually exclusive duties).

¶6.     We have set forth a two-part test requiring two separate inquiries: (1) whether the owner kept the premises reasonably safe, and (2) whether the owner warned of hidden dangers of which the owner knew or, in the exercise of reasonable care, should have known. *Mayfield v. The Hairbender*, 903 So. 2d 733, 738 (Miss. 2005). The breach of either duty supports a claim of negligence. *Id*.

¶7.     Mrs. Pigg claims that the loosely-attached mirror constituted a hidden, dangerous condition, and that the Holiday Inn knew, or reasonably should have known, of the danger, but failed to warn of it. She further contends that, by not properly inspecting and repairing the mirror, Holiday Inn failed in its duty to keep its premises in a reasonably safe condition.

¶8.     To survive summary judgment, Mrs. Pigg must produce more than evidence of an injury. *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966) (holding that the basis of liability is negligence and not injury). She claims she met this burden by proffering evidence of loosely-attached mirrors in two adjacent rooms. Furthermore, Mrs. Pigg claims that the location of the glass on the floor is circumstantial evidence that the mirror did not fall because the door was slammed open or shut by her son. On the other hand, Holiday Inn claims it regularly inspects all areas in its premises in addition to the random, unannounced inspections conducted by the Holiday Inn Corporation.

4

¶9.    For purposes of summary judgment, this Court finds that there is a genuine issue of material fact as to whether Holiday Inn knew or should have known of the loose mirror, and whether it was negligent in inspecting its premises. Accordingly, a jury must be allowed to decide whether Holiday Inn breached its duty to keep the premises reasonably safe and whether its inspections of its rooms was reasonable. We have held that "it is generally for the trier of fact to say whether circumstantial evidence meets the test." *Miss. DOT v. Cargile,* 847 So. 2d 258 (Miss. 2003) (citing *Miss. Valley Gas Co. v. Estate of Walker,* 725 So. 2d 139, 145 (Miss. 1998))

## CONCLUSION

¶10.    We reverse the trial court's grant of summary judgment, and remand this case for trial.

¶11.    **REVERSED AND REMANDED**.

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR**.