DICKINSON, PRESIDING JUSTICE,
SPECIALLY CONCURRING:
’ ¶ 23. I join Justice Kitchens’s well-reasoned majority, and I write separately only to amplify a point of- particular concern to me. The existence of a jury question in this case derives from the frequency of the falls on the therapy pool steps. Negligence is “[t]he failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation.” [2] The duty to maintain a premises in a reasonably safe condition rests on what a reasonably prudent property owner would *310 do.[3] Were there thousands of similar incidents on the steps, it would be obvious that a reasonably prudent property owner would take corrective action. Were there none, no reasonable jury could conclude the steps were unreasonably dangerous. In my view, the number of prior incidents in this case falls squarely within the zone that must be left to a jury.
KING AND BEAM, JJ., JOIN THIS OPINION.

. Negligence, Black’s Law Dictionary (abr. 9th ed. 2010).

. See, e.g., Moore v. Winn-Dixie Stores, Inc., 252 Miss. 693, 704-5, 173 So.2d 603 (1965).