963 So.2d 1267 (2007)
Bobbie HOSEY, As Mother and Legal Guardian of Danyel Hosey; Estella Pearson, Individually and as Mother and Legal Guardian of Alajah Pearson; and Daniel Parker, Individually, Appellants,
v.
Wayne MEDIAMOLLE, Alfonso Realty, Inc. and Coldwell Banker Alfonso Realty, Inc., Appellees.
No. 2006-CA-00632-COA.
Court of Appeals of Mississippi.
September 4, 2007.
*1268 Stephen W. Mullins, Ocean Springs, attorney for appellants.
Gail D. Nicholson, Jeffrey G. Pierce, Chester D. Nicholson, Gulfport, attorneys for appellees.
Before MYERS, P.J., ISHEE and CARLTON, JJ.
MYERS, P.J., for the Court.
¶ 1. Bobbie Hosey, Estella Pearson and Daniel Parker (Hosey) filed suit against Wayne Mediamolle, Alfonso Realty, Inc. and Coldwell Banker Alfonso Realty, Inc. in the Circuit Court of Harrison County on December 31, 2002, alleging that they and their children were exposed to toxic mold and other substances injuring them. Approximately three years and two months later, Hosey's suit was dismissed by summary judgment after Hosey failed to participate in discovery and designate an expert, though no transcript was made of the hearing. Hosey appeals the dismissal of his case. Finding no error, we affirm the dismissal.

DISCUSSION
I. WHETHER THE TRIAL COURT'S MEMORANDUM AND ORDER GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT AND CONSTRUCTIVELY DENYING APPELLANTS' MOTION FOR CONTINUANCE DUE TO THE EFFECTS OF HURRICANE KATRINA AND ITS AFTERMATH, AND THE TRIAL COURT'S ADOPTION OF A VERBATIM ORDER PREPARED BY DEFENSE COUNSEL CONSTITUTE REVERSIBLE ERROR
¶ 2. On February 6, 2006, an omnibus hearing was held in which the trial judge sought to dispose of all pending motions regarding Hosey's civil action. Included in the outstanding motions were Mediamolle's and Alfonso Realty's motions for summary judgment and Hosey's motion to extend discovery deadlines.[1] Without ruling on Hosey's motion to extend the discovery deadlines, the hearing concluded. The trial judge informed counsel that because of Hurricane Katrina he was without *1269 a law clerk, and that he would contact, ex parte, the prevailing party and request that the party prepare a proposed order. Subsequently, Hosey became aware that a proposed order was submitted by counsel for Alfonso Realty. Shortly thereafter, the trial judge issued his order, adopting much of the language of the proposed order, finding in favor of Mediamolle and Alfonso Realty, Inc. and dismissing Hosey's suit with summary judgment. Hosey appeals the dismissal of the suit, arguing that pursuant to Mississippi Rule of Civil Procedure 56(f), more time should have been granted in which to designate an expert witness to defeat a motion for summary judgment.
¶ 3. Hosey asks this court to review the granting of the motion for summary judgment under a heightened standard because the order was "essentially prepared by defense counsel." See In re Estate of Grubbs, 753 So.2d 1043, 1046-47(¶ 8) (Miss.2000) (holding that when a final judgment is substantially verbatim to a party's proposed findings of fact and conclusions of law, that "the appropriate standard of review requires that the appellate court `analyzes such findings with greater care, and the evidence is subject to heightened scrutiny.'") We do not agree with Hosey that we are obligated to review the trial judge's summary judgment with a heightened standard. The standard we are to employ is well-settled. In reviewing a trial judge's grant of a motion for summary judgment, this Court conducts a de novo review. City of Jackson v. Sutton, 797 So.2d 977, 979(¶ 7) (Miss.2001). The moving party has the burden of demonstrating that no genuine issue of material fact exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact. Id. Summary judgment is proper when there are no issues of material fact and the movant is entitled to a judgment as a matter of law. Monsanto Co. v. Hall, 912 So.2d 134, 136(¶ 5) (Miss.2005).
¶ 4. In order for Hosey to prove that Mediamolle and Alfonso Realty were liable in tort for injuries resulting from exposure to toxins, Hosey would have had to come forward with causation evidence. After thirty-eight months following the institution of the claim against Mediamolle and Alfonso Realty, Hosey failed to designate one expert witness to provide this required causation evidence. In the response to the motions for summary judgment, Hosey argued that dismissal was premature because she had not yet had time to designate an expert due to the time delays caused by Hurricane Katrina. Hosey complains on appeal that the failure to designate an expert should not have been fatal to the suit, because, pursuant to Mississippi Rule of Civil Procedure 56(f), a suit cannot be dismissed without the completion of discovery.
¶ 5. "A party may defend against summary judgment by presenting affidavits that prove `that he cannot for reasons stated present by affidavit facts essential to justify his opposition'; the result of such proof is that the trial court should continue the case to allow discovery to develop further." M.R.C.P. 56(f). Hobgood v. Koch Pipeline Southeast, Inc., 769 So.2d 838, 845(¶ 35) (Miss.Ct.App.2000). "The Rule *1270 56(f) exception is not to be used in place of active diligence during the discovery process." Wingerter v. Bhd. Prods., Inc., 822 So.2d 300, 303(¶ 10) (Miss.Ct.App.2002). "[T]he party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate `how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" Hobgood, 769 So.2d at 845(¶ 10) (citing United States v. Little Al, 712 F.2d 133, 135 (5th Cir.(Tex.)1983)).
¶ 6. Pursuant to the agreed scheduling order, Hosey had over three years to designate an expert after the complaint was filed before the case was dismissed by summary judgment. However, three months after the discovery deadline ended, Hosey still had not designated an expert. Other than Hosey's assertions that dismissal was premature because discovery had not been completed, Hosey did not present to the lower court any affidavits or facts tending to justify the failure to designate an expert. The lower court dismissed the case, and we cannot find error in the dismissal. Without an expert, Hosey was unable to prove the elements of the case. Hosey made no plausible argument regarding the need for additional time under Rule 56(f) to complete discovery. Therefore, the dismissal by summary judgment was proper.
II. WHETHER HOLDING A HEARING ON A DISPOSITIVE MOTION WITHOUT A RECORD OVER THE OBJECTION OF A PARTY CONSTITUTES REVERSIBLE ERROR
¶ 7. At the request of the trial judge, a court reporter was not present at the February 6, 2006 hearing. At this time, Hosey made no objection to the lack of a court reporter. Because no hearing transcript is available for review, Hosey argues that she has a significant disadvantage in this appeal. Hosey asks this Court to adopt a bright-line rule requiring the presence of a court reporter at any hearing regarding a dispositive motion. Alfonso Realty argues against the adoption of a mandatory transcribing rule, pointing out relevant rules of civil procedure and statutory language that allow a trial judge to entirely forgo a hearing on summary judgment motions and exempt a court reporters' duty to transcribe arguments of counsel. Mediamolle and Alfonso Realty assert that Hosey brings this issue for the first time on appeal; therefore, the issue is procedurally barred.
¶ 8. We agree that Hosey untimely brings this issue on appeal, as a contemporaneous objection must be made in order to preserve an error for appellate review. Evans v. City of Aberdeen, 926 So.2d 181, 185(¶ 13) (Miss.2006). Notwithstanding the procedural bar on our review, we adjudge the merits to be lacking. We find no applicable rule justifying the adoption of such a mandatory transcription rule for dispositive motion hearings. A court has the discretion to dispense entirely with oral argument on a motion, and can rule based only upon the brief written statements of reasons in support and in opposition to the motion. M.R.C.P. 78. It would seem to follow that if a hearing is not even necessary to make a decision on a motion for summary judgment, then transcription of that hearing would be inessential, as well. Furthermore, statutory law provides that even when a court reporter's presence is required at a proceeding, transcription of counsel's arguments is not required. Miss.Code Ann. § 9-13-25 (Rev.2002). *1271 We end our analysis with holding that even if we found Hosey's argument for the adoption of a mandatory transcription requirement in dispositive motion hearings persuasive, we could not grant the request. The Mississippi Supreme Court holds the "inherent power . . . to promulgate procedural rules." Newell v. State, 308 So.2d 71, 76 (Miss.1975); however, this Court does not retain the same authority. We decline to adopt Hosey's proffered rule.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Hosey also contends that the motion for a continuance was included in the pending motions set for the omnibus hearing; however, Alfonso Realty disputes that such a motion was ever filed. Our review of the certified case history does not find a motion for a continuance filed by Hosey. We, therefore, decline to address this portion of the argument.