ON WRIT OF CERTIORARI

DICKINSON, Presiding Justice,
for the Court:
¶ 1. In this premises-liability case, the plaintiff presented insufficient evidence that the defendant created or knew of a dangerous condition on its premises, so we reinstate and affirm the trial judge’s summary judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. While walking through the Imperial Palace Casino’s parking garage in the space between the garage wall and the front of the parking spaces — an area that was neither designated for, nor prohibited to, pedestrians — Joseph Jones was injured when he tripped over a concrete parking bumper and fell to the concrete floor.
¶3. Jones filed suit alleging that the parking bumper was misaligned, jutted into the path, and proximately caused both his fall and his injury. The trial judge granted Imperial Palace’s motion for summary judgment.
¶ 4. Jones appealed, and the Mississippi Court of Appeals reversed, finding sufficient evidence to create a jury question as to whether Imperial possessed actual as well as constructive knowledge of the dangerous condition, and whether it had failed to conduct reasonable inspections.[1] Imperial' filed a petition for writ of certiorari, which we granted.
ANALYSIS
¶ 5. Because Jpnes was Imperial Palace’s patron at the time of the fall, both parties agree that he was an invitee. So Imperial owed Jones the separate duties ‘“to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view.’ ”[2] A premises owner who creates a dangerous condition is presumed to know of its existence.[3] But, where a dangerous condition resulted from another’s conduct, the plaintiff must *320 produce evidence that the owner had actual or constructive notice of the danger for a period of time reasonably sufficient to remedy or warn of it.[4] In this case, the trial judge granted summary judgment because Jones failed to present such evidence.
I. Jones failed to present any evidence that Imperial’s negligence created the dangerous condition.
¶ 6. The question of whether Imperial caused the misaligned bumper is easily disposed of because both the trial judge and the Court of Appeals agree there was no such evidence,[5] and Jones cites none.
II. Jones failed to present evidence that Imperial knew of the danger in time to provide a warning.
¶ 7. The trial judge found that Jones had failed to present any evidence that Imperial possessed actual or constructive notice of the misaligned bumper that led to the plaintiffs injuries. In reversing the trial court, the Court of Appeals pointed to the deposition testimony of Paul Dillon, a security investigator with Imperial Palace at the time of the accident, in which he stated that he knew some bumpers became misaligned from time to time in the casino garage, and that he had reported this to his superiors.[6]
¶ 8. The Court of Appeals cited our opinion in Drennan v. Kroger;[7] wherein a Kroger patron slipped in a puddle of water in the store on a day when eight and a half inches of rain fell.[8] The plaintiff entered the store at 4:00 p.m., after the rain had subsided, and slipped in a puddle of water.[9] The trial judge granted a directed verdict because the plaintiff had failed to show that Kroger possessed constructive knowledge of the particular puddle involved.[10] We reversed, stating:
Drennan produced evidence demonstrating that Kroger should have been aware from past conditions, occurrences, and stains on the ceding that the area above aisle four leaked in periods of heavy rain. Patrons were temporarily protected from water collecting on the floor by the placing of buckets below the leaks in the store. It was apparently raining very hard on the day Drennan suffered her accident. She introduced a photograph of water stains in the ceiling tiles directly above aisle four. An engineer for Kroger testified that the roof had required a considerable amount of repairs in the past. These circumstances created an inference that the Kroger store should have been aware of the leaks in the roof.[11]
And we noted that:
Drennan produced the following evidence in an attempt to establish the inference of constructive notice: photographs of water stains on the ceiling tile above aisle four; testimony that there was an unusually heavy rain that afternoon; the store manager, Wurth, admitted that the store had suffered roof damage in 1986, and some resulting *321 leaks in the ceiling, and; Wurth conceded that the leaks usually occurred in periods of heavy rain.[12]
¶ 9. Jones contends the same rationale should apply in his case because Imperial knew that, from time to time, some bumpers had been misaligned. But Drenncm is easily distinguished from the case before us today because that case stands for the proposition that certain known facts — in that case, a known leaky roof over the exact puddle in question, together with heavy rain, put Kroger on sufficient constructive notice that the particular puddle in question was likely to be present.[13] Stated another way, more was required than simple knowledge of a history of puddles.[14]
¶ 10. By contrast, in the case before us today, the plaintiff produced no evidence that Imperial knew or had reason to know that the particular bumper that caused Jones’s injury was misaligned at the time of the injury.
¶ 11. The ceiling photograph in Dren-nan identified the cause of the specific hazard that led to the plaintiffs injury in that case. Indeed, the defendant admitted it knew of the leak’s existence and the hazard it caused. With respect, the dissent erroneously attempts to analogize this to Imperial Palace’s knowledge that, from time to time, some bumpers — but not necessarily the bumper involved in this case— became misaligned. Were we to adopt the dissent’s view, a premiss owner with prior knowledge of any type of hazard on its premises — for instance, a spill on its floor — would become hable for all similar hazards, even with no proof of any knowledge of the particular hazard. This would render a premises owner strictly hable.
¶ 12. The trial judge correctly concluded that Jones had failed to present any evidence that Imperial knew of the misaligned bumper that led to Jones’s injury.
III. Jones failed to present sufficient evidence to survive summary judgment that, even if Imperial had conducted reasonable inspections, those inspections could have revealed the danger.
¶ 13. Though not addressed by the trial judge, the Court of Appeals also concluded that Jones had presented sufficient evidence to survive summary judgment that Imperial had failed to conduct reasonable inspections of its property.[15] Within a premises owner’s duty to keep the premises reasonably safe is included a duty to conduct reasonable inspections.[16] Jones argues that deposition testimony disclosed that Imperial had failed to conduct any inspections of the garage for one year prior to his fall and that he should survive summary judgment on this claim.
¶ 14. But a premises owner’s liability for failure to conduct reasonable inspections is limited in one respect:
[The premises owner] must not only warn the visitor of dangers of which he knows, but must also inspect the premises to discover possible defects. There is no liability, however, for harm resulting from conditions from which no unreasonable risk was to be anticipated, or those which the occupier did not know and *322 could not have discovered with reasonable care. The mere existence of a defect or danger is not enough to establish liability, unless it is shown to be of such a character or of such a duration that the jury may reasonably conclude that due care would have discovered it.[17]
¶ 15. Here, the plaintiff has failed to present any evidence to show for what period of time the bumper was misaligned. Even if Imperial failed to conduct reasonable inspections, there is simply no evidence to conclude that the problem had existed for “such a duration that the jury may reasonably conclude that due care would have discovered it.” [18] Said differently, the plaintiff has failed to put forth any proof that reasonable inspections would have led to the discovery of the dangerous condition, which could have been created by another customer only minutes prior to the injury.
¶ 16. The dissent’s observation that “whether reasonable inspections would have revealed the dangerous condition is a question of fact for the jury to decide ...,” misses the point. Because the plaintiff has failed to produce any evidence as to how long the bumper remained misaligned, the jury would have no evidentiary basis upon which to consider whether reasonable inspections could have revealed the dangerous condition. Stated another way, the issue of reasonable inspections becomes important where evidence of the duration of the hazard has been produced, so that the jury may conclude that the inspections would have led to timely discovery of the hazard. Stated still another way, even though a jury might conclude that Imperial Palace should conduct daily inspections of its parking lot, such inspections would not have prevented this incident if the hazard was created by another patron an hour before the incident. But if the plaintiff produced proof that the hazard had been present for two days, such inspections would become relevant. Here, the plaintiff has failed to produce any temporal evidence upon which the jury could base such a conclusion.
CONCLUSION
¶ 17. A plaintiff cannot succeed on a premises-liability claim without showing either that the defendant created the dangerous condition or that the defendant possessed actual or constructive knowledge of the dangerous condition in sufficient time to remedy it. Summary judgment was proper in this case, because the defendant failed to present any of evidence of either.
¶ 18. THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REINSTATED AND AFFIRMED.
WALLER, C.J., RANDOLPH, P.J., LAMAR, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR.
KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.

. Jones v. Imperial Palace of Mississippi, LLC, No.2012-CA-00536-COA, - So.3d -, -, 2013 WL 5469741, **3-5 (Miss.Ct.App. Oct. 1, 2013).

. Mayfield v. The Hairbender, 903 So.2d 733, 737-38 (Miss.2005) (quoting Massey v. Tingle, 867 So.2d 235, 239 (Miss.2004) (quoting Corley v. Evans, 835 So.2d 30, 37 (Miss.2003))).

.Moore v. Winn-Dixie Stores, Inc., 252 Miss. 693, 173 So.2d 603, 605 (1965).

. Id. at 605-06.

. Jones,-So.3d at -, 2013 WL 5469741, at *3.

. Jones, - So.3d at-, 2013 WL 5469741, at **3-5.

. Drennan v. Kroger Co., 672 So.2d 1168 (Miss.1996).

. Drennan, 672 So.2d at 1169.

. Id.

. Id. at 1168-69.

. Id. at 1172 (emphasis added).

. Id. at 1171.

. Id. at 1172.

. Id. at 1170 (citing Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss.1986)).

. Jones, - So.3d at-, 2013 WL 5469741, at **5-7.

. Pigg v. Express Hotel Partners, LLC, 991 So.2d 1197, 1200 (Miss.2008) (citing Gaines v. K-Mart Corp., 860 So.2d 1214, 1216 (Miss. 2003) (citing Moore, 173 So.2d at 603)).

. Moore, 173 So.2d at 605.

. Id.