## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00639-COA

**DEBBIE JONES**                                                            **APPELLANT**

**v.**

**DRAGWAY ENTERPRISES, INC.**                                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/2015 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | JONATHAN C. TABOR LEIGH-ANN TABOR |
| ATTORNEY FOR APPELLEE: | RAYFORD G. CHAMBERS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT TO THE APPELLEE |
| DISPOSITION: | AFFIRMED - 11/15/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. Debbie Jones appeals the Hinds County Circuit Court's grant of summary judgment to Dragway Enterprises Inc. in this premises-liability case. Because Jones failed to present sufficient evidence to show that a genuine issue of material facts exists, we affirm the circuit court's grant of summary judgment.

## FACTS

¶2. On April 16, 2013, Jones attended a racing event at Dragway's track with her son, Christopher Jones, and her friend, Derek Jackson. Upon entering Dragway's premises, Jones

paid $10 and signed a document entitled "Release and Waiver of Liability, Assumption of Risk[,] and Indemnity Agreement." The record reflects that the waiver held Dragway harmless for any injury a patron sustained on Dragway's premises due to the negligence of Dragway or its employees. According to Dragway, it required all patrons to pay the admission fee and sign the waiver before being admitted into the racetrack facility.

¶3. After paying the admission fee and signing the waiver in the presence of a Hinds County sheriff's deputy, Jones entered Dragway's facility to watch the racing event. Jones testified through her affidavit that, about an hour after entering Dragway's premises, she was sitting alone on a row of wooden bleachers when the bleacher below her collapsed. Jones testified that she fell through the bleachers and sustained several injuries. Jones's friend, Jackson, stated in his affidavit that he had gone to the restroom at the time the incident occurred. Jackson further stated that, when he returned, he discovered Jones on the ground and observed that the wooden bleachers were broken in half. Following the incident, Jones went to the emergency room to seek medical treatment.

¶4. On September 3, 2013, Jones filed a complaint against Dragway and John and Jane Does. Jones asserted that the Defendants' negligence in failing to maintain reasonably safe premises caused her injuries. On October 16, 2014, the parties filed an agreed scheduling order that provided for the completion of discovery by February 1, 2015, and set trial for March 30, 2015. Jones then served her first set of discovery requests on Dragway on November 10, 2014, and several days later, on November 19, 2014, Dragway served its first set of discovery requests on Jones.

¶5.    As agreed by the parties, the discovery deadline expired on February 1, 2015.  On February 4, 2015, Dragway's counsel filed a motion to withdraw.  Then, on February 13, 2015, Dragway filed a motion for summary judgment.  By email on February 20, 2015, Dragway's counsel informed both the circuit court and Jones's counsel that he no longer planned to withdraw from the case and that he planned to proceed with Dragway's motion for summary judgment.

¶6.    As the record reflects, in support of its summary-judgment motion, Dragway attached the affidavit of its president, Michael Curtis, and the waiver Jones signed before she entered Dragway's facility.  In his affidavit, Curtis testified that he possessed "no knowledge of any defective or otherwise dangerous condition of the bleachers where [Jones] allegedly was injured[.]"  Curtis further stated that, to his knowledge, no other Dragway employee knew of any such dangerous or defective condition.  In addition, Curtis testified that Dragway regularly inspected the bleachers and immediately performed any needed replacements or repairs.

¶7.    On February 23, 2015, Jones filed a response to Dragway's summary-judgment motion and asserted that genuine issues of material fact remained in dispute between the parties.  In addition, on March 17, 2015, Jones filed a motion for a continuance.  In her motion for a continuance, Jones asserted that she did not receive Dragway's responses to interrogatories until February 17, 2015, and that she did not receive Dragway's responses to her requests for production of documents until March 13, 2015.  Due to these delays, Jones argued that numerous unresolved issues remained.  Jones further stated that a continuance

was necessary for her to continue her discovery endeavors including, but not limited to, a deposition of Dragway pursuant to Rule 30(b)(6) of the Mississippi Rules of Civil Procedure. Along with her motion for a continuance, Jones also filed on March 17, 2015, a notice of Dragway's Rule 30(b)(6) deposition.

¶8.     On March 18, 2015, the circuit court entered an order on Dragway's summary-judgment motion. Though noting that little discovery had apparently occurred in the case, the circuit court still determined that Dragway's summary-judgment motion was ripe for consideration since trial was set for March 30, 2015. The circuit court also acknowledged that Jones had filed a motion for a continuance, but the circuit court found the motion was not well taken. Even though Jones had claimed that outstanding written discovery requests remained, the circuit court found that Jones had neither filed nor brought before the court a motion to compel discovery.

¶9.     In addressing the issue of summary judgment, the circuit court determined that Jones was an invitee on Dragway's premises and that Dragway therefore owed Jones "a duty of ordinary care to keep the business premises in a reasonably safe condition, to warn when there [was] hidden danger or peril not in plain and open view, and to protect [Jones] from reasonably foreseeable injuries." However, the circuit court concluded that Jones failed to show sufficient proof that Dragway breached its duty to her. As a result, the circuit court found that Jones failed to prove an essential element of her claim. Upon finding that no genuine issues of material fact remained in dispute, the circuit court granted summary judgment to Dragway and dismissed Jones's complaint with prejudice. Aggrieved, Jones

4

appeals.

## STANDARD OF REVIEW

¶10.    With regard to the grant of summary judgment, this Court has previously stated:

> In considering a trial court's grant of a motion for summary judgment, this Court conducts a de novo review and examines all the evidentiary matters before it—admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The Mississippi Supreme Court recently clarified the summary-judgment standard, explaining that the movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to a judgment as a matter of law. The supreme court further stated that the movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where he would bear the burden of proof at trial. Specifically, in premises-liability cases, Mississippi law further requires that[,] when a dangerous condition exists that was created by someone not associated with the business, the plaintiff must produce evidence that the owner or operator had actual or constructive knowledge of the dangerous condition as well as a sufficient opportunity to correct it. The supreme court again clarified that[,] while defendants carry the initial burden of persuading the trial judge that no issue of material fact exists and that they are entitled to summary judgment based upon the established facts, the plaintiff carries the burden of producing sufficient evidence of the essential elements of her claim at the summary-judgment stage, as she would carry the burden of production at trial.

*Dickinson v. Vanderburg*, 141 So. 3d 455, 457 (¶4) (Miss. Ct. App. 2014) (internal citations and quotation marks omitted). "A party may defend against summary judgment by presenting affidavits that prove 'that he cannot for reasons stated present by affidavit facts essential to justify his opposition'; the result of such proof is that the trial court should continue the case to allow discovery to develop further." *Hobgood v. Koch Pipeline Se. Inc.*, 769 So. 2d 838, 845 (¶35) (Miss. Ct. App. 2000) (quoting M.R.C.P. 56(f)).

## DISCUSSION

¶11. The parties do not dispute the circuit court's finding that Jones was an invitee on Dragway's premises. Instead, Jones's appeal asserts that genuine issues of material fact remain as to the following: (1) whether the circuit court's failure to address discovery issues between the parties precluded summary judgment; (2) whether Dragway breached its duty to protect Jones; and (3) whether Dragway's waiver failed to apply to Jones. Because Jones's first and second issues are intertwined, we address the merits of these two arguments together.

### A. Discovery Issues

### B. Dragway's Duty to Jones

¶12. Jones contends that Dragway committed various discovery abuses and that Dragway's repeated attempts to delay litigation prejudiced her. Jones argues that the discovery responses Dragway filed were devoid of any descriptive information as to potential deponents, and she asserts that she was placed "at an extreme disadvantage in that she was given only days to set and conduct the depositions of several key players in the incident at Dragway . . . ." Jones also assigns blame to Dragway for waiting until March 13, 2015—after the hearing on Dragway's summary-judgment motion—to file responses to her requests for production. Alleging that the circuit court hastily granted summary judgment to Dragway without addressing the discovery issues between the parties, Jones asks this Court to reverse.

¶13. As stated, we review de novo the circuit court's grant of summary judgment. *Dickinson*, 141 So. 3d at 457 (¶4). Pursuant to Rule 56(f) of the Mississippi Rules of Civil

6

Procedure, "[a] party opposing a motion for summary judgment may request a continuance in order to conduct further discovery . . . ." *Owens v. Thomae*, 759 So. 2d 1117, 1120 (¶11) (Miss. 1999). Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

M.R.C.P. 56(f). However, "[t]he Rule 56(f) exception is not to be used in place of active diligence during the discovery process." *Hosey v. Mediamolle*, 963 So. 2d 1267, 1269-70 (¶5) (Miss. Ct. App. 2007) (citation omitted).

¶14.    In *Owens*, the Mississippi Supreme Court explained:

> This Court has noted on several occasions that the rule itself contemplates that the completion of discovery is, in some instances, desirable before the court can determine whether there is a genuine issue of material fact. Justice is served . . . when a fair opportunity to oppose a motion is provided because consideration of a motion for summary judgment requires a careful review by the trial court of all pertinent evidence in a light most favorable to the nonmovant.
>
> An opportunity to flesh out discovery may especially be required where the information necessary to oppose the motion for summary judgment is within the possession of the party seeking summary judgment. On the other hand, the party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. This is so because Rule 56(f) is not designed to protect the litigants who are lazy or dilatory[,] and normally the party invoking Rule 56(f) must show what steps have been taken to obtain access to the information allegedly within the possession of the other party.

*Owens*, 759 So. 2d at 1120 (¶¶11-12) (internal citations and quotation marks omitted).

¶15. The supreme court has further stated:

> Where a request for additional time to gather material evidence is properly and timely made, and the request refused by the trial court, this Court has reversed on the basis that fairness required a continuance of limited duration to afford [the] plaintiff the opportunity to go forward, if possible, with her case.

*Erby v. N. Miss. Med. Ctr.*, 654 So. 2d 495, 502 (Miss. 1995) (citation and internal quotation marks omitted).

¶16. In the present case, Jones filed her complaint on September 3, 2013, and the parties then filed an agreed scheduling order on October 16, 2014, which set the discovery deadline for February 1, 2015. On February 4, 2015, Dragway's counsel filed a motion to withdraw. Then, on February 13, 2015, Dragway filed its summary-judgment motion. Through subsequent email correspondence, Dragway's counsel informed both the circuit court and Jones's attorney that he no longer planned to withdraw but that he did plan to proceed with Dragway's summary-judgment motion. Dragway then responded to Jones's interrogatories on February 17, 2015, and to her requests for production of documents on March 13, 2015—well after the passage of the discovery deadline.

¶17. On February 23, 2015, Jones filed her response to Dragway's summary-judgment motion. Along with her response, Jones filed her affidavit stating what occurred on the date of her injury. Four days later, on February 27, 2015, Jones filed the affidavit of her friend Jackson, who also stated what occurred on the date of Jones's injury. Jones filed no affidavit that met the requirements of Rule 56(f), and neither of the affidavits she filed provided why a continuance was necessary or that further discovery was needed. *See* M.R.C.P. 56(f).

¶18. After responding to Dragway's summary-judgment motion, on March 17, 2015, Jones

8

filed a motion for a continuance and noticed her Rule 30(b)(6) deposition of Dragway. In requesting the continuance, Jones asserted that Dragway waited until February 17, 2015—after the filing of its summary-judgment motion—to file its responses to her interrogatories. She also asserted that Dragway waited until March 13, 2015—after the hearing on the summary-judgment motion—to file its responses to her requests for production of documents. As a result of these alleged delays, Jones argued that she needed a continuance to conduct further crucial discovery, including the Rule 30(b)(6) deposition of Dragway.

¶19.    After considering the parties' motions and arguments, the circuit court entered an order on March 18, 2015, granting summary judgment to Dragway. In its order, the circuit court acknowledged that little discovery had been conducted in the case. As stated, Jones filed her complaint on September 3, 2013, and the parties filed their agreed scheduling order on October 16, 2014. The circuit court found in its order that Dragway's motion for summary judgment was ripe for consideration since the trial was set for March 30, 2015. The circuit court also noted that Jones had filed a motion for a continuance, but the court found the motion was not well taken.[1] In addition, the circuit court found that Jones had filed no motion to compel discovery.

¶20.    A summary-judgment motion is proper "at any time after the expiration of thirty days from the commencement of the action . . . ." M.R.C.P. 56(a). A party may defend against summary judgment by providing affidavits that prove "he cannot[,] for [the] reasons stated[,]

---

[1] The appellate court reviews the circuit court's denial of a continuance for abuse of discretion. *Owens*, 759 So. 2d at 1120 (¶10).

present by affidavit facts essential to justify his opposition . . . ." M.R.C.P. 56(f). The result of such proof is that "the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had . . . ." *Id.*

¶21. As acknowledged, in resisting Dragway's summary-judgment motion, Jones failed to submit an affidavit in accordance with Rule 56(f) to explain or to show proof as to why the circuit court should continue the case to allow further discovery. In *Hobgood*, this Court stated:

> [T]he party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

*Hobgood*, 769 So. 2d at 845 (¶35) (citations and internal quotation marks omitted).

¶22. Instead of providing affidavits as required by Rule 56(f) to establish facts to support her request for a continuance and justify her opposition to summary judgment, Jones provided two affidavits that merely established that the bleachers upon which she sat broke. Jones provided her own affidavit as to what happened, and then she provided Jackson's affidavit as to what he saw at the racetrack. Jones asserted that, about an hour after entering Dragway's premises, she was sitting alone when the bleacher beneath her broke. Jackson further stated in his affidavit that he was not present during the accident but was later told about Jones's fall. Neither affidavit asserted that a Dragway employee tampered with the bleachers, that the bleachers were inherently dangerous or presented hidden dangers, or that Dragway knew or should have known that the bleacher upon which Jones sat would give way. The record instead shows that Jones failed to present any evidence as to the condition

10

of the bleachers. She also failed to dispute Dragway's evidence that it lacked notice of any hidden dangers, that the bleachers were regularly inspected, and that the bleachers were in a reasonably safe condition.[2]

¶23. To support her allegations on appeal that Dragway breached its duty to her, Jones relies upon the supreme court's holding in *Jones v. Imperial Palace of Mississippi LLC*, 147 So. 3d 318 (Miss. 2014). In *Jones*, the supreme court held that a property owner's duty to maintain a reasonably safe premises includes the duty to conduct reasonable inspections where due care would have discovered the condition. *Jones*, 147 So. 3d at 321 (¶13). The *Jones* court further stated:

> [A] premises owner's liability for failure to conduct reasonable inspections is limited in one respect:
>
> > The premises owner must not only warn the visitor of dangers of which he knows, but must also inspect the premises to discover possible defects. There is no liability, however, for harm resulting from conditions from which no unreasonable risk was to be anticipated, or those which the occupier did not know and could not have discovered with reasonable care. The mere existence of a defect or danger is not enough to establish liability, unless it is shown to be of such a character or of such a duration that the jury may reasonably conclude that due care would have discovered it.

*Id.* at 321-22 (¶14) (citation omitted).

¶24. The supreme court determined in *Jones* that the casino patron failed to present

---

[2] "Under Mississippi law, a property owner is not the insurer of an invitee's safety. Rather, he owes a duty to the invitee to keep the premises reasonably safe and, when not reasonably safe, to warn only of hidden dangers not in plain and open view." *Double Quick Inc. v. Moore*, 73 So. 3d 1162, 1166 (¶13) (Miss. 2011) (citing *Corley v. Evans*, 835 So. 2d 30, 37 (¶ 22) (Miss. 2003)).

evidence to show "for what period of time" the condition existed that caused the patron's fall and injury. *Id.* at 322 (¶15). The supreme court concluded:

> Even if Imperial failed to conduct reasonable inspections, there is simply no evidence to conclude that the problem had existed for "such a duration that the jury may reasonably conclude that due care would have discovered it." Said differently, the plaintiff has failed to put forth any proof that reasonable inspections would have led to the discovery of the dangerous condition.

*Id.* (citation omitted).

¶25. In the present case, the circuit court concluded, and the record so reflects, that Jones failed to submit any evidence to prove the condition of the bleachers or the existence of a dangerous condition. In contrast to Jones's evidence, Dragway submitted the uncontradicted affidavit of its president, Curtis, to support its summary-judgment motion. In his affidavit, Curtis stated the following: (1) he possessed no knowledge of a defective or otherwise dangerous condition related to Dragway's bleachers; (2) to his knowledge, no Dragway employee knew about any dangerous or otherwise defective condition related to the bleachers; and (3) Dragway regularly inspected the bleachers and immediately performed any needed repairs or replacements.

¶26. In finding that Jones failed to create a genuine issue of material fact as to whether Dragway breached its duty to her, the circuit court stated:

> First, the [c]ourt notes that no dangerous condition has been definitely shown to have existed prior [to] the time of [Jones's] fall. However, assuming that the wooden bleachers did contain a dangerous condition, it is undisputed that there has been no proof submitted that [Dragway] either caused or had actual knowledge of the alleged dangerous condition. . . . [T]he [c]ourt considers whether this element can be satisfied through constructive knowledge. . . . The only evidence before the [c]ourt concerning [the length of time that the alleged hazard existed] is [Jones's] sworn admission that she was sitting on or near the

12

bleachers for an hour prior to her fall. No problem was noted with the bleachers at any time before [Jones's] fall.

¶27. In addition to finding that Jones failed to show that Dragway breached its duty to her, the circuit court stated that Jones failed to establish that any alleged breach of duty by Dragway proximately caused her injuries. After determining that Jones failed to prove these essential elements of her claim, the circuit court concluded that Dragway was entitled to summary judgment. As a result, the circuit court granted Dragway's summary-judgment motion and dismissed Jones's complaint with prejudice.

¶28. Upon review, we find the record reflects no error in the circuit court's ruling that Jones failed to create a genuine issue of material fact as to whether Dragway breached its duty to her.[3] As required by Rule 56(f), Jones failed to present specific facts to show why she could not oppose summary judgment, and she failed to specifically demonstrate how a continuance would enable her, by discovery or other means, to rebut Dragway's summary-judgment motion. *See Owens*, 759 So. 2d at 1120 (¶¶11-12). Because Jones failed to comply with Rule 56(f), we find no abuse of discretion in the circuit court's denial of Jones's request for a continuance. Furthermore, like the casino patron in *Jones*, Jones here "has failed to put forth any proof that reasonable inspections would have led to the discovery of the [alleged] dangerous condition" at Dragway's track. *See Jones*, 147 So. 3d at 322 (¶15). Because

---

[3] "[P]remises liability is a theory of negligence that establishes the duty owed to someone injured on a landowner's premises as a result of 'conditions or activities' on the land . . . ." *Doe v. Jameson Inn Inc.*, 56 So. 3d 549, 553 (¶11) (Miss. 2011). To recover under a theory of premises liability, Jones would need to prove the following: "(a) the duty owed to [her] by [Dragway]; (b) a breach of that duty; (c) damages; and (d) a causal connection between the breach and the damages, such that the breach is the proximate cause of [Jones's] injuries." *Double Quick*, 73 So. 3d at 1166 (¶11) (citation omitted).

Jones failed to support her cause of action by presenting a genuine issue of material fact as to whether Dragway breached its duty to her, we affirm the circuit court's grant of summary judgment on these assignments of error. *See Ratcliff v. Rainbow Casino-Vicksburg P'ship*, 914 So. 2d 762, 764 (¶4) (Miss. Ct. App. 2005).

## C. The Applicability of Dragway's Waiver

¶29. Jones next contends that Dragway's waiver only applied to the restricted areas of Dragway's premises. Asserting that she neither entered a restricted area nor was in such an area at the time of her injury, Jones argues that the waiver failed to apply to the injury she sustained while in an area open to the general public. As a result of this argument, Jones claims that the waiver fails to bar her from recovering damages for the injuries she sustained due to her fall.

¶30. This Court has previously recognized that, "[f]or a waiver to be valid and enforceable, it must not be ambiguous[,] and it must be specific in wording as to the liability." *Colyer v. First United Methodist Church of New Albany*, 2014-CA-01636-COA, 2016 WL 1203753, at *7 (Miss. Ct. App. Mar. 29, 2016) (Carlton, J., specially concurring) (citation omitted).[4] "When a waiver contains ambiguous language, it cannot be construed as a waiver of liability for injuries that result from the negligence of the defendant." *Id.* (citation omitted).

¶31. As the record reflects, Dragway's waiver stated the following:

---

[4] We note that other jurisdictions have upheld the enforceability of a racetrack's waiver-and-release agreements. *See Rhea v. Horn-Keen Corp.*, 582 F. Supp. 687, 691-92 (W.D. Va. 1984); *Gore v. Tri-County Raceway Inc.*, 407 F. Supp. 489, 490 (M.D. Ala. 1974); *Huber v. Hovey*, 501 N.W.2d 53, 55-56 (Iowa 1993); *Seymour v. New Bremen Speedway Inc.*, 287 N.E.2d 111, 146-147 (Ohio Ct. App. 1971).

14

> *In consideration of being permitted to compete, officiate, observe, work for, or participate in any way in the event(s) or being permitted to enter for any purpose any restricted area* (defined as the advance staging area, burn[-]out area, competition area, shutdown area, staging lanes, return road area, and any other area within the barriers, fences, and/or structures separating the general public from racing activities), each of the undersigned, for himself/herself, [agrees to the conditions listed below.]

(Emphasis added).

¶32.    As discussed, Jones argues that the waiver only applied to incidents occurring within the specified restricted areas of Dragway's premises. Dragway contends, however, that a plain reading of the waiver shows that the waiver clearly covered both restricted and nonrestricted areas. In its order granting summary judgment to Dragway, the circuit court found dispositive Jones's failure to show a dispute of material fact as to Dragway's breach of duty. Therefore, the circuit court did not grant summary judgment on the basis of the waiver that Jones signed.

¶33.    However, in briefly addressing Jones's argument as to the inapplicability of the waiver, the circuit court acknowledged Jones's claims that the waiver only applied to the restricted areas identified in the waiver. The circuit court concluded, though, that Jones's argument lacked merit and that the waiver was not as limited as Jones contended. The circuit court then granted summary judgment on the basis that Jones failed to present a genuine issue of material fact as to a breach of duty by Dragway or as to proximate cause. As discussed, we affirm the circuit court's grant of summary judgment on the basis upon which the ruling was made. We therefore refrain from addressing whether the waiver also posed a bar to Jones's claim against Dragway.

15

¶34.   **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON AND GREENLEE, JJ., CONCUR.  JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**