# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01615-COA

**ROSE MILLER**                                                                    **APPELLANT**

**v.**

**CITY OF GULFPORT AND DENNIS**                                    **APPELLEES**
**SHOEMAKER**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/24/2019 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | DAVID NEIL HARRIS JR. |
| ATTORNEYS FOR APPELLEES: | JEFFREY S. BRUNI |
| | JAMES D. HOLLAND |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 02/02/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Rose Miller appeals from the final judgment of the Harrison County Circuit Court granting summary judgment in favor of Dennis Shoemaker and the City of Gulfport (the City). On appeal, Miller argues that genuine issues of material fact exist regarding the alleged duty of Shoemaker and the City to inspect and warn her of a dangerous condition. Finding no error, we affirm the circuit court's judgment.

### FACTS

¶2.     On May 14, 2016, Miller and her husband bought tickets to watch their grandson play in a baseball tournament at the SportsPlex owned by the City and rented by Shoemaker for

the event.  An indemnity agreement was in place between Shoemaker and the City. Shoemaker had procured the requisite insurance.

¶3.    While walking on a sidewalk within the SportsPlex, Miller stepped in a hole and fell, requiring medical attention.  The "hole" was probably a sprinkler or drain, and Miller testified that the cover was partly dislodged at the time of her fall.  Miller further testified that the hole was not hidden and that had she been paying attention, she would have seen the hole.  Shoemaker testified that his inspections of the SportsPlex focused mainly on the ballfields.

¶4.    On August 9, 2017, Miller filed suit against the City.  Her June 26, 2018 amended complaint added Shoemaker as a defendant.  The complaint asserted a premises liability action based on the alleged negligence of Shoemaker and the City.  Shoemaker filed an answer and the City filed a motion to stay the amended complaint and to assert affirmative defenses based on the Mississippi Tort Claims Act (MTCA). Miss. Code Ann. § 11-46-9(1) (Rev. 2012).  There was no hearing on the City's immunity-based motion.  Instead, the City participated in discovery and filed a joinder to Shoemaker's motion for summary judgment.

¶5.    The circuit court heard the summary judgment motion on July 26, 2019.  The circuit court determined that no dispute existed among the parties as to Miller's status as a business invitee.  The parties also did not dispute that Shoemaker had control of the premises on the date of Miller's accident.  Shoemaker and the City asserted that summary judgment was appropriate because Miller could not establish the essential elements of a premises liability claim.  After reviewing the submissions of the parties, including depositions, briefs, and

applicable authorities, and hearing their arguments, the circuit court found that Miller failed to provide the proof needed to succeed on any of the three methods available to her to establish negligence on the part of Shoemaker or the City. Aggrieved, Miller appeals, arguing that genuine issues of material fact exist regarding Shoemaker and the City's duty to inspect and warn her of a dangerous condition.

## STANDARD OF REVIEW

¶6.     We apply a de novo standard of review to grants of summary judgment. *Harris v. Darby*, 17 So. 3d 1076, 1078 (¶6) (Miss. 2009). In premises liability cases where the defendant files a motion for summary judgment, the Mississippi Supreme Court has explained that the defendant "carr[ies] the initial burden of persuading the trial judge that no [genuine] issue of material fact exists and that [he] is entitled to summary judgment based upon the established facts . . . ." *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 89 (¶13) (Miss. 2013). Just as the defendant does not carry the burden of production at trial, he does not carry any burden of production at the summary judgment stage. *Id.* "[T]he nonmoving party must produce *significant* probative evidence of a genuine issue" of fact to defeat summary judgment. *McCullar v. Boyd Tunica Inc.*, 50 So. 3d 1009, 1011 (¶10) (Miss. Ct. App. 2010) (emphasis added).

## DISCUSSION

¶7.     Premises liability has been defined as a "theory of negligence that establishes the duty owed to someone injured on a landowner's premises as a result of 'conditions or activities' on the land." *Johnson v. Goodson*, 267 So. 3d 774, 777 (¶11) (Miss. 2019). It is undisputed

that Miller was a business invitee at the time of her accident. But mere proof "of a fall on a floor within a business is insufficient to show negligence on the part of the proprietor." *Jacox v. Circus Circus Miss. Inc.*, 908 So. 2d 181, 184 (¶7) (Miss. Ct. App. 2005) (quoting *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)). A plaintiff can show negligence in three ways: "(1) a negligent act by the defendant caused the plaintiff's injury; or, (2) that the defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant." *Byrne v. Wal-Mart Stores Inc.*, 877 So. 2d 462, 465 (¶5) (Miss. Ct. App. 2003) (citing *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995)). Additionally, each of the three bases for a premises liability claim "requires that the party show a dangerous condition existed." *Walz v. HWCC-Tunica Inc.*, 186 So. 3d 375, 377 (¶9) (Miss. Ct. App. 2016).

¶8.     Shoemaker argues that the hole and dislodged cover did not constitute a dangerous condition. Both the Mississippi Supreme Court and this Court have held that common architectural conditions are not generally considered unreasonably dangerous conditions. *See Tate v. S. Jitney Jungle Co.*, 650 So. 2d 1347, 1351 (Miss. 1995) (recognizing that liability has not been imposed in cases involving "dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs and steps"); *Dickinson v. Vanderburg*, 141 So. 3d 455, 458 (¶10) (Miss Ct. App. 2014) (affirming that undamaged thresholds, curbs, and steps that are common architectural feature are not unreasonably dangerous). We are unwilling to expand this category to include the hole at

4

issue here. There is no clear consensus by the parties as to what the "hole" is. It is described in the record as a "sprinkler valve cover," a "drain [with] a cover over it," a hole with "a brown metal lid," a "water access hole," a "sprinkler hole," a plain "hole," and "where a spigot was up." Additionally, there is testimony that the hole was bigger than a coffee cup but smaller than a dinner plate, and there is testimony that the hole was about twelve inches in diameter. Given the lack of agreement by those who saw the hole as to what it actually is, it is clear to us that the "hole" is not a common architectural condition. The lack of familiarity by *any* of the parties to this alleged "common" architectural condition is fatal to this argument. As we stated in *Jones v. Wal-Mart Stores East LP*, 187 So. 3d 1100, 1105 (¶16) (Miss. Ct. App. 2016), "a walkway feature may be a dangerous condition if it is of a type that is not 'usual' and 'normally expected' by invitees." We therefore reject this argument as a basis to affirm summary judgment.

¶9.    Miller does not claim that Shoemaker or the City had actual or constructive knowledge of the allegedly dangerous condition. As the Mississippi Supreme Court held in *McCullar*, 50 So. 3d at 1012 (¶16), "[a]ctual or constructive knowledge of a dangerous condition is not a required element of proof in a premises-liability case where a business owner's negligence caused the danger." Instead, Miller claims that Shoemaker or the City were negligent in failing to inspect the walkway and that had the walkway been inspected as required, the allegedly dangerous condition would have been found. This argument is in line with the Mississippi Supreme Court's holding in *Jones v. Imperial Palace of Mississippi LLC*, 147 So. 3d 318, 321 (¶13) (Miss. 2014), that "[w]ithin a premises owner's duty to keep

5

the premises reasonably safe is included a duty to conduct reasonable inspections."

¶10.    In support of her argument that Shoemaker and the City's failure to inspect the walkway constitutes negligence, Miller relies on *Moore v. Winn-Dixie Stores Inc.*, 252 Miss. 693, 173 So. 2d 603 (1965).  However, her interpretation of *Moore* is flawed.  In *Moore*, the Mississippi Supreme Court stated that "[t]he mere existence of a defect or danger is not enough to establish liability, unless it is shown to be of such a character or of such a duration that the jury may reasonably conclude that due care would have discovered it."  *Id.* at 699, 173 So. 2d at 605.  "Although the court must resolve all factual inferences in favor of the nonmovant, the nonmovant cannot manufacture a disputed material fact where none exists." *Coleman v. Smith*, 914 So. 2d 807, 813 (¶15) (Miss. Ct. App. 2005) (quoting *Foldes v. Hancock Bank*, 554 So. 2d 319, 321 (Miss. 1989)).  Miller has provided no evidence that reasonable inspections by the City or Shoemaker would have revealed the dislodged cover.

¶11.    We recently addressed this issue in *Hearn v. Square Property Investments Inc.*, 297 So. 3d 292 (Miss. Ct. App. 2020).  Hearn slipped and fell in a puddle of water in Piggly Wiggly, but she failed to provide evidence of how long the puddle had existed.  *Id.* at 296 (¶17).  Quoting *Jones*, we upheld the circuit court's finding of summary judgment in favor of the grocery store, holding that "[e]ven if Piggly Wiggly failed to conduct reasonable inspections, there is simply no evidence to conclude that the problem had existed for 'such a duration that the jury may reasonably conclude that due care would have discovered it.'" *Id*. at 297 (¶21) (quoting *Jones*, 147 So. 3d at 322 (¶14)).  Nor does the *Hearn* case represent a sea change in Mississippi law.  In *Jones v. Dragway Enterprises Inc.*, 203 So. 3d 1157,

1164 (¶28) (Miss. Ct. App. 2016), we held that where the plaintiff failed to provide proof that an inspection would have revealed the dangerous condition, summary judgment was appropriate. *See also Jones v. Imperial Palace of Miss. LLC*, 147 So. 3d 318, 322 (¶15) (Miss. 2014) (holding that where plaintiff presented no evidence as to how long the hazardous condition existed, there could be no evidence to support the conclusion that defendant would have discovered it if it had conducted a reasonable inspection).

¶12. In this instance, there is no evidence as to how or when the cover to the hole became dislodged. Unlike the facts in *Pigg v. Express Hotel Partners LLC*, 991 So. 2d 1197, 1200 (¶8) (Miss. 2008). Miller presents no proof of other improperly covered holes. We agree with the circuit court's holding that "[g]iving [Miller] the benefit of every reasonable inference and accepting her testimony as true, the most she can show is that the lid was partially off of the hole when she encountered it." Miller has not produced "sufficient elements of the essential elements of her claim," as she would be required to do at trial. *Karpinsky*, 109 So. 3d at 89 (¶13). There is no genuine issue of fact here as to Miller's failure to present any proof that reasonable inspections would have led to the discovery of the hole.

¶13. **AFFIRMED.**

**BARNES, C.J., GREENLEE, McDONALD AND LAWRENCE, JJ., CONCUR. WILSON, P.J., AND McCARTY, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**